Kerry Eugene KENDRICK *v.* STATE of Arkansas

CA CR 82-94                                    644 S.W.2d 297

Court of Appeals of Arkansas
Opinion delivered December 1, 1982

*Guy Jones, Jr., P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant was convicted of second degree murder. He contends the court erred in finding that his confession was voluntarily made, and in so finding, the court failed to apply the proper legal tests relative to presumption and burden of proof. Appellant also argues that the court erroneously excluded his proffered instruction which was premised upon Ark. Stat. Ann. § 41-514 (Repl. 1977), a statute which provides if force is recklessly or negligently employed, the defense of justification is unavailable. After considering the three issues raised by appellant, we find the trial court was correct in each instance.

First, the trial court held a *Denno* hearing. Appellant never objected to the court's adverse ruling nor did he raise any question that the court was not following the correct law regarding any applicable legal presumption or burden of proof. It is presumed appellant has been accorded a fair trial and that the judgment of conviction is valid. He had the burden of showing either prejudicial error in the record or that the record is so inadequate that he is unable to show such error. *See Butler* v. *State,* 264 Ark. 243, 570 S.W.2d 272 (1978).

Secondly, we find the evidence sufficient to show that appellant's confession was voluntary. In reviewing the voluntariness of a confession, we make an independent determination based upon the totality of the circumstances, with all doubts resolved in favor of individual rights and safeguards, and we will not reverse the trial court's holding

unless it is clearly erroneous. *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981). The evidence was conflicting on the voluntariness issue. However, any conflict in the testimony of different witnesses is for the trial court to resolve. *Id.* In sum, appellant argues that his physical and mental conditions were diminished when he confessed because, among other things, he (1) had previously been shot, (2) was in pain, (3) was on medication, (4) had drunk a can of beer and (5) had been threatened and given promises in exchange for a confession. The State's evidence showed appellant appeared normal and quite able to understand the proceedings against him. The police officers were aware of appellant's injury but did not observe that he was in pain or on medication. Although the entire interview of appellant was not taped, his statement of confession was recorded. The court heard the tape and was able to hear appellant's manner of speaking and to detect any difficulty he may have had in communicating. The officers denied that they had threatened appellant or promised him anything for his confession. A psychologist, who was not present at appellant's interview, testified that the contents of the confession itself negated any probability of appellant's intoxication. The psychologist said that appellant's statement was cautious, logical and goal-directed, indicating he was in touch with reality. Considering the total circumstances, we cannot say the trial court was clearly erroneous in finding appellant's confession voluntary.

Finally, appellant urges the trial court erred in excluding the following proffered instruction:

## THE DEFENDANT'S REQUESTED INSTRUCTION NO. 2

If you find that Kerry Kendrick believed that the use of force was necessary in defending himself or a third person from the use or imminent use of force by Darryl Gooden, but was reckless or negligent either in forming that belief or in employing an excessive degree of force, then Kerry Kendrick may not rely upon such defenses as to the lesser included offenses of Manslaughter and Negligent Homicide, as Manslaughter

and Negligent Homice [sic] require reckless and negligent conduct, respectively.

However, if you find that Kerry Kendrick was reckless or negligent in forming that belief or in employing an excessive degree of force, then you must find Kerry Kendrick not guilty of Murder in the First Degree and Murder in the Second Degree.

You are reminded that the defendant, in asserting these defenses, is required only to raise a reasonable doubt in your minds. Consequently, if you believe that these defenses have been shown to exist, or if the evidence leaves you with a reasonable doubt as to his guilt, then you must find him not guilty.

Paragraph 2 of appellant's proffered instruction is a misapplication of the justification law set forth in Ark. Stat. Ann. § 41-514 (Repl. 1977). Section 41-514 states:

41-514. Justification — Reckless or negligent use, of force — Reckless or negligent injury or risk to third parties. — (1) When a person believes that the use of force is necessary for any of the purposes justifying that use of force under this chapter [§§ 41-501 — 41-514] but the person is reckless or negligent either in forming that belief or in employing an excessive degree of physical force, the justification afforded by this chapter is unavailable in a prosecution for an offense for which recklessness or negligence suffices to establish culpability.

(2) When a person is justified under this chapter in using force but he recklessly or negligently injures or creates a substantial risk of injury to a third party, the justification afforded by this chapter is unavailable in a prosecution for such recklessness or negligence toward the third party. [Acts 1975, No. 280, § 514, p. 500.]

In a concurring opinion in *Martin* v. *State,* 261 Ark. 80, 547 S.W.2d 81 (1977), Justice Fogleman accurately stated that the Arkansas Criminal Code provides that there is no justification if the belief that the use of force is necessary is

arrived at recklessly or negligently or the force is excessive. Here, the trial court gave AMCI 4105, a justification instruction based upon Code provision Ark. Stat. Ann. § 41-507 (Repl. 1977). This provision provides the defense of justification to the person defending himself or a third person from what the actor "reasonably believes" to be the imminent use of deadly physical force. The actor must have a "reasonable belief" that the situation necessitates the defensive force employed. In addition, the defense is available only to one who acts reasonably in administering such force. See Commentary to § 41-507, *supra.* "Reasonably believes" or "reasonable belief" means the belief that an ordinary, prudent man would form under the circumstances in question and *one not recklessly or negligently formed.* Ark. Stat. Ann. § 41-115 (18) (Repl. 1977).

To accept appellant's instruction and interpretation of § 41-514 would render meaningless the requirement of reasonableness found in the basic Code justification provisions. This obviously is the reason the Committee responsible for our criminal jury instructions deemed it unnecessary to draft one based upon § 41-514.

Affirmed.