Earnest M. CRIDDLE Jr. *v.* STATE of Arkansas

CR 98-1157             1 S.W.3d 436

Supreme Court of Arkansas
Opinion delivered October 14, 1999

*Raymond F. Galloway*, Phillips County Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. Appellant Earnest M. Criddle Jr. appeals the judgment of the Phillips County Circuit Court convicting him of one count of aggravated robbery. This case was certified to us from the Arkansas Court of Appeals; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d). Appellant asserts three points on appeal: (1) The trial court erred in denying his motion to suppress statements made while he was in police custody in the state of Mississippi; (2) the trial court erred in denying his motion to suppress the confession he made to Arkansas authorities; and (3) the trial court erred in instructing the jury on meritorious good time. Finding no merit in Appellant's arguments, we affirm the judgment of conviction.

*Facts and Procedural History*

The record reflects that Appellant was arrested in Coahoma County, Mississippi, in connection with the aggravated robbery of a pharmacy in Helena, Arkansas. He was extradited to Phillips County, Arkansas, to stand trial. Appellant declined his court-appointed counsel and instead retained Sam Whitfield Jr. to represent him. After learning that his codefendant had implicated him in three other armed robberies, Appellant, on the advice of his counsel, confessed to the crimes. Thereafter, he entered a plea of guilty to the three robberies and was sentenced to forty years in the Arkansas penitentiary. Appellant subsequently filed a petition with the United States District Court, Eastern District, Pine Bluff Division, for a writ of habeas corpus alleging that he was denied effective assistance of counsel. He alleged that Whitfield was acting under a conflict of interest while simultaneously representing him and his codefendant in connection with the robbery. Appellant further alleged that but for Whitfield's erroneous advice, he would not have confessed to the robberies.

On April 16, 1997, the district court found that Appellant was deprived of his right to effective assistance of counsel. In turn, the district court ordered the State to reinstate the criminal proceedings against Appellant within ninety days. Specifically, the district court found that Sam Whitfield's representation of Appellant and his codefendant at the time Appellant confessed created a conflict of interest. The district court also found that counsel's advice to Appellant to confess to the three robberies was erroneous and fell below the constitutional standards for effective assistance of counsel. The State refiled its charges against Appellant and a new trial was scheduled.

Prior to trial, Appellant filed a motion to suppress the confession he gave in Arkansas on the ground that the district court found that he was denied effective assistance of counsel at the time he confessed. Appellant also objected to the introduction of statements he made while in police custody in Mississippi, arguing that they were the product of an invalid arrest. The trial court found that the Arkansas statement was voluntary and therefore should not be suppressed. The trial court also found that the arrest in Mississippi was valid, and thus, the Mississippi confession was also allowed into evidence.

### Mississippi Arrest and Confession

■■■ For his first point on appeal, Appellant argues that his arrest in Mississippi was invalid because the police lacked probable cause to arrest him without a warrant. He further argues that the spontaneous, incriminating statements he made while in police custody in Mississippi should have been suppressed under the exclusionary rule as the fruit of an illegal arrest. The trial court found the arrest to be valid. This court has stated that all presumptions are favorable to the trial court's ruling on the legality of an arrest and the burden of demonstrating error is on the appellant. *Efurd v. State*, 334 Ark. 596, 976 S.W.2d 928 (1998); *Humphrey v. State*, 327 Ark. 753, 940 S.W.2d 860 (1997). This court has previously held that Mississippi law applies in a situation where an Arkansas defendant was arrested in Mississippi, therefore, we apply Mississippi law to determine if the arrest of Appellant was valid. *Jackson v. State*, 241 Ark. 850, 410 S.W.2d 766 (1967).

Mississippi Code Annotated § 99-3-7(1) (1989) governs when arrests may be made without warrants. This section provides in pertinent part:

> An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it[.]

Mississippi law provides that an arrest is valid if the arresting officer has probable cause to believe that a felony has been committed and probable cause to believe the suspect to be arrested committed the felony. *Blue v. State*, 674 So.2d 1184, 1202, *reh'g denied, cert. denied*, 117 S.Ct. 588 (Miss. 1996). Probable cause is less than evidence that would justify condemnation, but more than bare suspicion. *Id.* In *Blue*, the Supreme Court of Mississippi held that the existence of probable cause or reasonable grounds justifying a warrantless arrest is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

In *Norwood v. State*, 258 So.2d 756 (Miss. 1972), the Mississippi Supreme Court held that a radio dispatch from the highway patrol describing the getaway vehicle used in a robbery supplied the arresting officer with probable cause to pursue the described automobile and to arrest its occupants. In the present matter, Appellant was arrested after fleeing the scene of the robbery in Helena. An Arkansas deputy sheriff contacted authorities in Mississippi and advised them that he was in pursuit of possible robbery suspects traveling in a white Firebird or Trans-Am at a high rate of speed. The sheriff advised of the car's location and the direction it was traveling, specifically stating that the car was headed for the Mississippi Bridge. While traveling across the bridge, Appellant's car passed a Mississippi sheriff's car. The Mississippi sheriff testified at trial that the car was traveling in excess of 100 miles per hour. He also testified that he notified other law enforcement agencies involved in the pursuit of the direction the car was traveling. This broadcast was heard by a Mississippi con-

stable, who in turn proceeded toward the location of the suspects. The constable located the suspects after their car ran off the road. He detained them until sheriff's deputies arrived at the scene and placed them under arrest. Police found trash bags containing money, prescription drugs, rubber masks, and guns across from where the car left the road. Clearly, this information provided law enforcement officials with more than a bare suspicion that Appellant had committed a felony. Based on this evidence, we cannot say that the trial court erred in finding that the arrest was valid.

■ We note that Appellant does not allege that the statements made to Mississippi officials were involuntary or that police interrogated him without first advising him of his *Miranda* rights. In fact, Appellant was never questioned by Mississippi authorities, although he was advised of his *Miranda* rights. Appellant's argument that the confession should be suppressed is based solely on his contention that the arrest was unlawful. Because we find that the arrest in Mississippi was indeed valid, we conclude that it was not error to admit the Mississippi confession. This court has stated that where the tree is not poisonous, neither is the fruit. *Langford v. State*, 332 Ark. 54, 962 S.W.2d 358 (1998).

### Arkansas Confession

Appellant's next point on appeal is that the trial court erred by denying his motion to suppress the confession he made while in police custody in Arkansas. Appellant argues that based on the district court's finding of ineffective assistance of counsel, it was erroneous to allow the confession he gave while deprived of counsel to be introduced into evidence against him in his new trial. While we accept the district court's ruling as tantamount to a ruling that the statement was inadmissible, we conclude that any error resulting from the admission of the statement amounts to mere harmless error.

■ ■ We recognize that while some constitutional rights are so fundamental that their violation can never be deemed harmless error, others are subject to the harmless-error analysis. *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999) (quoting *Chapman v. California*, 386 U.S. 18 (1967)). To conclude that a

constitutional error is harmless and does not mandate reversal, this court must conclude beyond a reasonable doubt that the error did not contribute to the verdict. *Id.*; *see Schalski v. State*, 322 Ark. 63, 907 S.W.2d 693 (1995); *Allen v. State*, 310 Ark. 384, 838 S.W.2d 346 (1992). Application of the *Chapman* analysis requires that we excise the confession and determine whether the remaining evidence shows beyond a reasonable doubt that the error did not contribute to the verdict. Even if the trial court had granted Appellant's motion to suppress his Arkansas confession, there was ample evidence properly introduced at trial to sustain his conviction. This court has previously held that introduction of an involuntary statement was not prejudicial error when the same or similar evidence was otherwise properly admitted. *Martin v. State*, 328 Ark. 420, 944 S.W.2d 512, *rev'd on other grounds, State v. Bell*, 329 Ark. 422, 948 S.W.2d 557 (1997).

In the present matter, the State introduced not only Appellant's Mississippi confession, but also the testimony of Appellant's codefendant implicating him in the crime, as well as physical evidence recovered at the scene of Appellant's arrest. While Mississippi authorities were booking Appellant, he made several spontaneous and incriminating statements. Appellant covered his face and stated: "I can't believe we did this." He then asked the booking officer what the sentence was in Arkansas for armed robbery. Appellant also commented, "Hell, we did it and we'll have to live with it." The officer, who had already advised Appellant of his *Miranda* rights, again advised him to remain quiet and talk to a lawyer. Ignoring this advice, Appellant continued to incriminate himself and told the officer that he had a drug problem and that was the reason that he had robbed the pharmacy. The officer made note of Appellant's comments on the offense report which was introduced into evidence during the officer's testimony at the trial.

Additionally, two pharmacy employees testified that there were two robbers, one armed with a sawed-off shotgun and the other armed with a handgun. They further testified that the robbers wore rubber presidential masks and demanded that a variety of controlled narcotics be placed in the white garbage bags they carried. The first officer to arrive at the scene testified that when he pulled up, one of the suspects was walking from across the road back to the car. Mississippi authorities discovered two

white garbage bags containing a sawed-off shotgun, a .22 caliber handgun, two rubber presidential masks, and a variety of narcotics and other drugs in a ditch across from where Appellant's car had run off the road. Also found in the trash bags were numerous checks made payable to the pharmacy. Finally, Appellant's code-fendant testified at trial that the pair had robbed the pharmacy, providing specific details that corroborated the other witnesses' testimony. There was ample evidence, therefore, to sustain Appellant's conviction even without the introduction of the Arkansas confession.

■ This court has consistently held that under the *Chapman* harmless error rule, when evidence of guilt is overwhelming, and the error slight, we can declare the error to be harmless. *Baker v. State*, 334 Ark. 330, 974 S.W.2d 474 (1998) (holding that intro-duction of testimony regarding the defendant's state of mind was harmless error in light of other evidence introduced at trial); *Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997) (holding that admission of additional drug paraphernalia was harmless error where there was overwhelming evidence to support the convic-tion); *Abdullah v. State*, 301 Ark. 235, 783 S.W.2d 58 (1990) (holding that the trial court's denial of defendant's motion to sup-press evidence was harmless error in light of other overwhelming evidence of guilt). Considering the ample evidence that was prop-erly introduced against him, we hold that any error resulting from the introduction of Appellant's statement was harmless, and we affirm the conviction.

### Jury Instruction

■ Appellant's final argument on appeal is that the trial court erred in instructing the jury on meritorious good time because it was confusing and misleading in the present case. Appellant requested that a non-model jury instruction be given to the jury, but he failed to include his proffer of that instruction in the abstract. This court has held that a proffered instruction must be included in the abstract in order for the appellate court to con-sider it on review. *Hood v. State*, 329 Ark. 21, 947 S.W.2d 328 (1997); *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996). We therefore do not consider the merits of this argument.

Affirmed.