Louis Kenjuan COBB *v.* STATE of Arkansas

CR 99-631                                       12 S.W.3d 195

Supreme Court of Arkansas
Opinion delivered January 27, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant, Louis Kenjuan Cobb was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. Pursuant to *Anders v. California*, 386 U.S. 738 (1976) and our Sup. Ct. R. 4-3(j)(1), his attorney has filed a motion to withdraw and a brief stating that there is no merit to the appeal. Appellant's brief filed by counsel outlines the four adverse rulings and states that there are no meritorious grounds for appeal. The State agrees that there is no merit to appellant's appeal. Appellant has not filed a *pro se* brief arguing additional points for reversal. We conclude that there are no meritorious issue raised from the rulings that were adverse to appellant. Accordingly, we grant counsel's motion to withdraw and affirm appellant's conviction and sentence.

Appellant's conviction resulted from the shooting death of Steven Tyler on March 16, 1998. The testimony presented at trial established that Mr. Tyler was dating the mother of appellant's child. Appellant was upset with the victim, whom he thought was taking too much parenting responsibility for appellant's child. On the night of the murder, appellant followed Mr. Tyler to his home, and, armed with a gun, went inside to discuss the matter. An argument occurred and Mr. Tyler, who was unarmed, was shot twice, once in

the back and once in the chest. Mr. Tyler's body was discovered by his roommate, Napoleon Tillman.

At trial, appellant admitted to shooting Mr. Tyler. However, he argued that he was acting only in self-defense and that the killing was not premeditated or deliberated. The trial court denied appellant's motion for directed verdict. At the close of the evidence, appellant requested that the trial court give the jury an instruction on manslaughter. The trial court, finding that manslaughter was inconsistent with appellant's defense of self-defense, declined to give the instruction. The jury found appellant guilty of capital murder.

*Sufficiency of the Evidence*

The first adverse ruling we must discuss is the trial court's denial of appellant's motion for a directed verdict. Double jeopardy considerations require this court to consider a challenge to the sufficiency of the evidence before all other points raised. *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999). At the close of the State's case, appellant moved for a directed verdict arguing that the evidence was insufficient to establish that he had acted with premeditation and deliberation. The trial court denied the motion. As we find no error in this ruling, we affirm.

On appeal, we treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Bangs v. State*, 338 Ark. 515, 998 S.W.2d 738 (1999). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. The evidence may be either direct or circumstantial. Only evidence supporting the verdict will be considered. Circumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* Whether the evidence excludes every hypothesis is left to the jury to decide. *Williams v. State*, 338 Ark. 97, 991 S.W.2d 565 (1999). Guilt may be proved in the absence of eyewitness testimony, and evidence of guilt is not less because it is circumstantial. *McDole v.*

*State*, 339 Ark. 391 , 6 S.W.3d 74 (1999). The trier of fact is free to believe all or part of a witness's testimony. Moreover, the credibility of witnesses is an issue for the jury and not for this court. *Bangs, supra.* The jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's. *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999).

The evidence presented at trial was sufficient to support appellant's capital murder conviction. First, Napoleon Tillman, Mr. Tyler's roommate, testified. He stated that when he came home from work on March 16, 1998, he found Mr. Tyler's dead body on the floor of their apartment. He also testified that neither he nor Mr. Tyler owned a gun.

Next, Lori Baker, appellant's former girlfriend and Mr. Tyler's girlfriend at the time of his death, testified. She stated that on the night of the murder she called Mr. Tyler's residence and was informed that appellant was there. She further testified that later that night appellant came to her home and informed her he had met with Mr. Tyler. Finally, she testified that appellant told her he knew where Mr. Tyler lived because he had followed him home from work.

Then, Detective Kevin Simpson from the Little Rock Police Department testified. He stated that he found a .9mm semi-automatic pistol, with one loaded black clip, along with two live rounds in the case in appellant's car.

Doctor William Sturner, the Chief Medical Examiner for the Arkansas State Crime Laboratory, also testified. He stated that it was more likely than not that the first gunshot wound Mr. Tyler suffered caused him to suffer paralysis and put him in a state of shock such that the victim would not be able to fend off the shooter or protect himself in any way. Doctor Sturner further testified that the second wound had been inflicted while Mr. Tyler was lying on his back with the shooter standing at contact range directly over him.

Finally, appellant, Lewis Cobb testified. He stated that on the day of the murder he had gone to Mr. Tyler's home to have a conversation regarding his relationship with appellant's daughter. Appellant noted that he had been wanting to have this conversation with Mr. Tyler "for a while". He further testified that he had a gun,

which he had purchased seven days before the murder, when he went into Mr. Tyler's home. Appellant then stated that he did not know whether Mr. Tyler had a gun when he went into his home but that based on his clothing he would have had no place to hide a gun on his person. He also testified that he shot Mr. Tyler and "he fell down" and that he did not know why he shot him the second time— "there was no reason." Appellant finally stated that he left the house after the murder and did not try to get help for Mr. Tyler.

■ Pursuant to Ark. Code Ann. § 5-10-101(a)(4) (Repl. 1997), a person commits capital murder if "with the premeditated and deliberated purpose of causing the death of another person, he causes the death of any person." *Id*. Premeditation is not required to exist for a particular length of time. *McFarland v. State*, 337 Ark. 386, 989 S.W.2d 899 (1999). It may be formed in an instant and is rarely capable of proof by direct evidence but must usually be inferred from the circumstances of the crime. Similarly, premeditation and deliberation may be inferred from the type and character of the weapon, the manner in which the weapon was used, the nature, extent, and location of the wounds, and the accused's conduct. *Id*.

■ We conclude that according to these standards, the State introduced sufficient evidence to show that appellant acted with premeditation and deliberation when he shot Mr. Tyler. Specifically, it was possible for the jury to have found that appellant, who had wanted to talk with the victim "for a while" and went to Mr. Tyler's home with a recently purchased gun, acted with premeditation and deliberation when he shot the unarmed victim in the back causing him to suffer paralysis, and then shot him a second time at point-blank range in the chest and left him to die. Accordingly, the trial court's denial of appellant's request for a directed verdict was not erroneous.

*Lesser Included Offense Instruction*

■ ■ Following the presentation of evidence, the court instructed the jury on capital murder and the lesser included offenses of first degree and second degree murder. Noting that the manslaughter instruction was inconsistent with the justification defense, the court refused appellant's proffered manslaughter

instruction. It is reversible error to refuse to give an instruction on a lesser included offense when the instruction is supported by even the slightest evidence. *Spann v. State*, 328 Ark. 509, 944 S.W.2d 537 (1997). We will affirm a trial court's decision to exclude an instruction on a lesser included offense only if there is no rational basis for giving the instruction. *Id.* Pursuant to Ark. Code Ann. § 5-10-104 (Repl. 1997), and appellant's proffered jury instruction, an individual commits manslaughter if "he recklessly causes the death of another person." *Id.* In this case, where appellant admitted to shooting the unarmed victim once in the back causing paralysis and shooting the victim a second time while he was incapable of moving or causing harm to appellant, it is clear that a justification defense is inconsistent with the "recklessly causing" element found in the offense of manslaughter. Thus, there was no rational basis for giving the manslaughter instruction and the trial court did not err.

### Relevancy of Mr. Tillman's Testimony

Counsel next contends that the trial court did not abuse its discretion when it overruled an objection to a statement made by Mr. Tillman during his testimony. The exchange in dispute is as follows:

> Q: [ PROSECUTOR JOHN JOHNSON] Did he [MR. TYLER] have any other interests?

> A: [NAPOLEON TILLMAN] He loved music.

> Q: Was he involved in any aspects of music?

> A: Yeah, he does. [*sic*]

> JEFF WEBER [*defense attorney*]: Object to the relevance of this.

> THE COURT: Overruled.

Arkansas Rule of Evidence 401 states " 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Arkansas Rule of Evidence 402 states "all relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible." *Id.* Additionally, we

have held that a ruling on the relevancy of evidence is discretionary, and we will not reverse absent an abuse of discretion. *Easter v. State*, 306 Ark. 615, 816 S.W.2d 602 (1991). Moreover, we note that we have held that when the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm. *Johnson v. State*, 337 Ark. 477, 989 S.W.2d 525 (1999); *see also Criddle v. State*, 338 Ark. 744, 1 S.W.3d 436 (1999). We apply this standard of review to evidentiary rulings made in the guilt phase of capital cases. *Id.* Thus, in this case, where appellant has admitted to killing Mr. Tyler, and it has been established by sufficient evidence that he acted with premeditation and deliberation, whatever harm may have resulted from Mr. Tillman's testimony about Mr. Tyler's interest in music was harmless.

### Prosecutor's Statement

The final ruling adverse to appellant resulted from an objection made following a question posed by Prosecutor John Johnson during cross examination of appellant. Mr. Johnson's question referenced the fact that appellant's first criminal act was murder. He asked; "Mr. Cobb, when you embarked on a life of crime you certainly picked the big time, didn't you?" Appellant's attorney objected to this question and the trial court overruled the objection. We have noted that trial courts, must be, and are, vested with wide discretion in determining whether the remarks of counsel are within their legitimate scope, or whether they transcend the bounds set for them by the well established rules of practice. *Adams v. State*, 176 Ark. 916, 5 S.W.2d 946 (1928). We will always reverse where counsel goes beyond the record to state facts that are prejudicial to the opposite party, unless the trial court, by its ruling, has removed the prejudice. But we do not reverse for the mere expression of opinion of counsel in their argument before juries, unless the expression is so flagrant as to arouse passion and prejudice, made for that purpose, and necessarily having that effect. *Id.* Here, it is difficult to see how the prosecutor's question was harmful to appellant because appellant had previously testified to the facts noted in the question and the testimony was already before the jury. Specifically, appellant admitted that he killed Mr. Tyler and testified that he had been convicted of no other crimes prior to the murder and the prosecutor's question simply reiterated facts already in evidence.

Accordingly, the trial court did not abuse its discretion in overruling appellant's objection.

## 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

From the review of the record and the briefs before us, we find the appeal to be without merit. Counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.