# JONES *v.* EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TENNESSEE.

No. 58. Argued November 2, 1888. — Decided November 12, 1888.

When, in an action by an employé of a railroad company against the company to recover damages for a personal injury inflicted upon him, by reason of an engine in motion striking him, it is conceded that the defendant company was in fault on account of the manner of running its trains, and the defence is set up that the plaintiff was guilty of contributory negligence, and there is conflicting evidence on that point, the plaintiff is entitled to have that question submitted to the jury.

THE case is stated in the opinion of the court.

*Mr. Henry H. Ingersoll* for plaintiff in error.

*Mr. William M. Baxter* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an action brought by W. C. Jones against the East Tennessee, Virginia and Georgia Railroad Company to recover damages for a personal injury inflicted upon him by his being struck by an engine belonging to the defendant company.

The suit was originally brought in the local state court, but was afterwards removed by the railroad company into the Circuit Court of the United States for the Eastern District of Tennessee. On the trial, after considerable testimony had been introduced on both sides, the court gave the jury the following instruction :

" This case, gentlemen, does not come within the purview of sub-sections [3, '4,] of section 1166 of the Code of Tennessee. It must be determined upon the principles of the common law as interpreted and administered by the Supreme Court of the United States. It is not necessary for me to explain what would or would not be negligence on the part of the defendant ; for it may be conceded that the defendant was negligent in running its train, without its brakes in good condition, at a higher rate of speed than was proper or safe under the circumstances of this case, and still the plaintiff would not be entitled to recover, simply because such negligence, if it existed, did not cause the injury complained of. In the judgment of this court, based upon the facts shown in evidence and not controverted by the argument, touching the manner of plaintiff's collision with defendant's engine, the plaintiff was guilty of such contributory negligence as precludes him from all right to recover in this action. The court therefore instructs you to return a verdict for the defendant."

It will be seen from his language that, while the court was of the opinion that the company was guilty of such negligence as would render it liable in this action, it was relieved from that liability by contributory negligence on the part of the plaintiff. It did not, therefore, permit the jury to pass either upon the negligence of the defendant company or the contributory negligence of the plaintiff.

The ground upon which the court based this decision is not

shown, except so far as appears from the statement in the extract above quoted, that " upon the facts shown in evidence and not controverted by the argument, touching the manner of the plaintiff's collision with defendant's engine, the plaintiff was guilty of such contributory negligence as precludes him from all right to recover in this action." . It is not to be inferred from this statement that counsel for the plaintiff conceded that he was guilty of contributory negligence; but the court proceed upon the idea that the facts, which in its judgment were shown in evidence, not being controverted by argument, were sufficient to establish such negligence.

The evidence is embodied in the bill of exceptions before us, and we cannot agree with the Circuit Court that there was such a clear case of negligence on the part of the plaintiff as to justify the court in withdrawing the whole subject from the consideration of the jury. The plaintiff himself states that he was in the depôt of the defendant on business; that the passenger platform was alongside the tracks, which ran between it and the depôt; there was also a side-track that went through the depôt; that he passed out of the depôt by the usual way, and was struck between the wall of the depôt and the platform. He further says that the way he was going he could not see a train approaching from the east because there was a car on the side-track, and he had no warning of any approaching train, although he listened as he went out of the depôt. There is also some evidence that there was so much noise about the place of exit from the depôt that the sound of the advancing train could not be distinguished. On the other hand, there is some testimony to show that the plaintiff ran carelessly through the depôt; that he knew the train was approaching, and that he might have guarded himself against it if he had stopped at the exit of the depôt long enough to have looked about him.

But we think these are questions for the jury to determine. We see no reason, so long as the jury system is the law of the land, and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others. There is nothing in a case in which

it is conceded, fully and unreservedly, that the defendant company is in fault on account of the manner of running its trains, such as the high rate of speed and other careless matters mentioned by the court in its instructions, which should justify the court in refusing to submit to the jury the question whether the defendant company is relieved from the liability incurred by it, by reason of the acts of the plaintiff showing that, in some degree, he may not have been as careful as the most cautious and prudent man would have been.

Instead of the course here pursued a due regard for the respective functions of the court and the jury would seem to demand that these questions should have been submitted to the jury, accompanied by such instructions from the presiding judge as would have secured a sound verdict. We think the case is covered by that of *Kane* v. *The Northern Central Railway Co.*, *ante*, 91, in which the opinion of this court was delivered by Mr. Justice Harlan, October 22, 1888.

We forbear to discuss the facts further at this time, as we do not wish to prejudice the case before the jury, in the further proceedings which must be had.

*The judgment of the Circuit Court is reversed, with instructions to grant a new trial.*