## McKINLEY v. CARNEGIE–ILLINOIS STEEL CORPORATION.

### No. 4397.

District Court, W. D. Pennsylvania.

June 28, 1946.

A. M. Oliver, and Hymen Schlesinger, both of Pittsburgh, Pa., for plaintiff.

Ira R. Hill, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action by a seawoman against the defendant, the owner of a vessel operating on navigable waters, to recover damages by reason of alleged negligence of the defendant, its officers, servants and agents under the Jones Act, 46 U.S.C.A. § 688.

At the trial, the defendant moved for a directed verdict in its favor on the grounds: (1), that the evidence does not disclose any negligence on the part of the defendant or its agents; (2), that plaintiff assumed the risk incident to her employment; and (3), that plaintiff is not entitled to recover against defendant under the Jones Act or any other federal law. This motion was refused. The jury returned a verdict for the plaintiff in the amount of $5,000. The case is now before us on the motion of defendant to have the verdict and judgment set aside and judgment entered in favor of the defendant for the reasons set forth in its motion for a directed verdict.

Defendant contends that there was not sufficient evidence of negligence to submit to the jury against defendant because the evidence does not disclose the object or thing which the vessel ran into; that in order to hold defendant liable it would be necessary to apply the doctrine of res ipsa loquitur. This contention cannot be sustained.

In the complaint it is averred, inter alia: "Said injuries were caused by the negligence of defendant in permitting said vessel to be operated in a fast, reckless and unseamanlike manner under the circumstances and under condition of fog and poor visibility so that the said vessel was recklessly, carelessly and violently caused to jerk, jolt or bump, so that the same was caused to bump, strike or collide with the river bank or some other floating or stationary barge, landing or other object, thereby throwing plaintiff to the floor and causing the injuries set forth herein."

There was evidence sufficient to submit to the jury that the woman was a seawoman employed by the defendant on one of its vessels operating on navigable waters, and while so employed she was engaged in the making of a bed or berth and was standing upon a stool furnished for that purpose; that while standing on the stool there was a sudden jerk or bump of the vessel which was caused by it striking a stationary object; that the vessel was running fast at the time; that the accident happened on September 20, 1943, at 6:10 a.m.; that it was very foggy at the time and there was very little visibility, if any, outside of the vessel.

In Tiller, Executor v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967, which was an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., which Act is made a part of the Jones Act, wherein a policeman in the employ of the company was inspecting the seals of a train moving slowly on one track when suddenly he was hit and killed by the rear car of a train backing in the opposite direction on the other track, the Supreme Court said 318 U.S. on page 58, 63 S.Ct. 446, 87 L.Ed. 610, 143 A.L.R. 967: "We hold that every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence.'"

On page 64 of 318 U.S., 63 S.Ct. 449, 87 L.Ed. 610, 143 A.L.R. 967: "It was this maze of law which Congress swept into discard with the adoption of the 1939 amendment to the Employers' Liability Act, releasing the employee from the burden of assumption of risk by whatever name it was called. The result is an Act which requires cases tried under the Federal Act to be handled as though no doctrine of assumption of risk had ever existed."

And 318 U.S. on pages 67 and 68, 63 S.Ct. 451, 87 L.Ed. 610, 143 A.L.R. 967: "No case is to be withheld from a jury on any theory of assumption of risk; and questions of negligence should under proper charge from the court be submitted to the jury for their determination. Many years ago this Court said of the problems of negligence. 'We see no reason, so long as the jury system is the law of the land, and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others.' Jones v. East Tennessee, V. & G. R. Co., 128 U.S. 443, 445, 9 S.Ct. 118, 32 L.Ed. 478. Or as we have put it on another occasion, 'Where the facts are in dispute, and the evidence in relation to them is that from which fair-minded men may draw different inferences,' the case should go to the jury."

In Tennant v. Peoria & Pekin Union R. Co., 321 U.S. 29, at page 32, 64 S.Ct. 409, 411, 88 L.Ed. 520, which was an action under the Federal Employers' Liability Act, the Supreme Court said: "In order to recover under the Federal Employers' Liability Act, it was incumbent upon petitioner to prove that respondent was negligent and that such negligence was the proximate cause in whole or in part of the fatal accident. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 67, 63 S.Ct. 444, 451 [87 L.Ed. 610], 143 A.L.R. 967. Petitioner was required to present probative facts from which the negligence and the causal relation could reasonably be inferred. 'The essential requirement is that mere speculation be not allowed to do duty for probative facts, after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.' Galloway v. United States, 319 U.S. 372, 395, 63 S.Ct. 1077, 1089, 87 L.Ed. 1458; Atchison, T. & S. F. R. Co. v. Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896. If that requirement is met, as we believe it was in this case, the issues may properly be presented to the jury. No court is then justified in substituting its conclusions for those of the twelve jurors."

Also, 321 U.S. on page 33, 64 S.Ct. 412, 88 L.Ed. 520: "The court below erred, however, in holding that there was not sufficient proof to support the charge that respondent's negligence in failing to ring the bell was the proximate cause of Tennant's death. The absence of eye witnesses was not decisive."

And 321 U.S. on page 35, 64 S.Ct. 412, 88 L.Ed. 520, as to the function of a jury: "It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 571, 572, 10 S.Ct. 1044, 1045, 34 L.Ed. 235; Tiller v. Atlantic Coast Line R. Co., supra, 318 U.S. 68, 63 S.Ct. 451, 143 A.L.R. 967; Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444. That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

In Blair v. Baltimore & Ohio R. Co., 323 U.S. 600, 65 S.Ct. 545, 546, 89 L.Ed. 490 the Supreme Court of the United States reversed the Supreme Court of Pennsylvania, the latter holding that the employee had assumed the risk of injury by remaining in the employment of the defendant, and there was no evidence to support negligence in any respect. The Court said: "To deprive railroad 'workers of the benefit of a jury trial in close or doubtful cases is to take away a goodly portion of the relief which Congress has afforded them.' Bailey v. Central Vermont Ry. Co., 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444."

And further: "The court below, however, thought that the plaintiff should not recover because he had assumed the risk of this danger. It is to be noted that at the time this case was tried Congress had passed an act which completely abolished the defense of assumption of risk. 53 Stat.

1404, 45 U.S.C.A. § 54. Tiller v. Atlantic Coast Line, supra. We need not consider whether this statute applies to this case since we are of opinion that it cannot be held as a matter of law that the petitioner assumed the risks incident to moving the steel tubes."

There being evidence in this case that the plaintiff was injured by a sudden jerk or bump caused by the vessel on which she was working striking a stationary object; that at the time of the accident it was very foggy and the visibility very poor; that the vessel was running fast and that her injuries were a result of the accident, it follows that there was sufficient evidence of negligence to submit to the jury, and the Court could not say, as a matter of law, that the plaintiff had assumed the risk which caused her injuries.