### McKINLEY v. CARNEGIE–ILLINOIS STEEL CORPORATION.

Civil Action No. 5839.

District Court, W. D. Pennsylvania.

Feb. 13, 1947.

894

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Ira R. Hill, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover maintenance and cure under the maritime laws of the United States.

The plaintiff, in her complaint, avers that on a certain date between September 18, 1943, and September 23, 1943, she was employed on a vessel of the defendant while it was in navigation on the Monongahela River; that while in the course of her employment, making up beds or bunks of members of the crew, she was standing on a stool or stepladder (to reach one of the upper bunks), there was a violent jerk of the vessel and plaintiff was thrown to the floor, which was slippery and unsafe, causing injuries to her left leg, side, back, etc. That by reason of said injuries, she was permanently injured and from the date of said injuries and up to the time of bringing this action, was in need of maintenance and cure.

The plaintiff brought an action in this Court against the defendant under the Jones Act, 46 U.S.C.A. § 688, which was listed in this Court as Civil Action 4397, 66 F.Supp. 703. In that action, she recovered a judgment in the amount of $5,000 for injuries caused by negligence of the defendant. That judgment and the costs have been paid. In said action, plaintiff included a claim for maintenance and cure, which claim was withdrawn at the time of the trial.

This case is now before us on defendant's motion for judgment on the pleadings. The reasons averred in the motion, in substance, are that this action is res judicata by reason of the judgment and the payment thereof at C. A. 4397. Also for the reason that the claim in this action was merged with the claim for damages in C. A. 4397, and also for the reason that by virtue of the payment of the judgment recovered at C. A. 4397, that plaintiff has received maintenance and cure from the defendant and also has received maintenance and cure from the Marine Hospital beyond the period of time in which said obligation exists in law, which is alleged to be for the duration of the voyage and for a reasonable time thereafter.

After the passage of the Jones Act in 1920, 46 U.S.C.A. § 688, the Supreme Court in the case of Pacific S. S. Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220, stated:

"In short, the right to maintenance, cure and wages, implied in law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative."

In Jones v. Waterman S. S. Corporation, 3 Cir., 155 F.2d 992, 995, the Court, in an opinion by Biggs, C. J., stated:

"If a seaman falls sick or is injured and must be removed or is kept from his vessel he is entitled to maintenance and cure as well as to his wages. Smith v. Lykes Brothers-Ripley S. S. Co., 5 Cir., 105 F.2d 604, 605. Wages, even if they include 'keep', must be restricted to the term of employment as specified by the shipping articles while the duty to provide maintenance and cure lasts as long as the seaman's need continues. Calmar Steamship Corporation v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. Jones has a cause of action against Waterman for maintenance and cure and for his wages as set out in his complaint in the suit at bar. This is an action ex contractu. Jones may maintain it by reason of the obligations and duties imposed on Waterman by the shipping articles and by virtue of his status as a member of the crew of the 'Beauregard'. Jones also had a cause of action against Reading sounding in tort and arising ex

delicto by reason of Reading's alleged failure properly to maintain its right-of-way."

The motion now before the Court should be refused for the reason that the right to maintenance and cure in law is a contractual obligation arising out of the nature of the employment. It is independent of the right to indemnity or compensatory damages by reason of negligence and these two rights are consistent and cumulative. The duty to provide maintenance and cure remains as long as the seaman's needs continue.

The judgment in this Court at C. A. 4397, under the Jones Act, is not res judicata of the right to maintenance and cure averred in this action. The plaintiff's claim in this action is not merged into the claim or action at C. A. 4397. The pleadings do not show that the amount that plaintiff is entitled to for maintenance and cure has been paid to her.

This action came before the Court on defendant's motion for judgment on the pleadings, and after hearing and consideration thereof, the motion is refused.