## McKINLEY v. CARNEGIE–ILLINOIS STEEL CORPORATION.

### Civ. No. 5839.

District Court, W. D. Pennsylvania.

Oct. 28, 1947.

See also, 69 F.Supp. 893.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Ira R. Hill (of Reed, Smith, Shaw & McClay), of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover for maintenance and cure under the Admiralty and Maritime laws. After hearing, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Plaintiff, Mary McKinley, is a citizen and resident of the City of Monongahela, Washington County, Pennsylvania.

2. Defendant, Carnegie-Illinois Steel Corporation, is a corporation organized under the laws of the State of New Jersey, registered as doing business in and having its principal office in Pittsburgh, Allegheny County, Pennsylvania, within the jurisdiction of this Court.

3. Jurisdiction of this Court arises by virtue of the Admirality and Maritime laws of the United States governing the rights of seamen for maintenance and cure and also by reason of diversity of citizenship, together with the amount involved.

4. This suit is a civil action at law to recover maintenance and cure by a seawoman injured in the course of her employment.

5. Plaintiff in September, 1943, and for some time prior thereto was employed by defendant as a seawoman in the capacity of chambermaid on the Steamer James E. Lose which was owned and operated by defendant in navigation on the Monongahela and Ohio Rivers, which are navigable waters of the United States and said plaintiff was a member of the crew of said vessel.

6. On a certain day between September 18 and 21, 1943, plaintiff was employed on said vessel while it was in navigation on the said rivers. In the course of her employment, while she was in the act of making a bed in the upper berth of a bed on said boat, plaintiff slipped or was thrown backwards, and fell from a stool or ladder approximately three feet high and landed on the floor sustaining certain injuries to her leg, back and abdomen.

7. As a result of the injuries she sustained, plaintiff underwent hospitalization, surgical and medical treatment in the U. S. Marine Hospital in Pittsburgh, Pennsylvania, there being altogether four operations performed on her in January and February 1944, and September, 1947.

8. Plaintiff continued to work from the date of her accident and injuries in September, 1943 to December 24, 1943. During said time she received at defendant's plant hospital at Clairton, Pennsylvania, medical treatment within one or two days after the accident and every few days thereafter to December 24, 1943.

9. Plaintiff was a resident patient at the Marine Hospital from December 24, 1943 to May 10, 1944, from August 4, 1944 to September 16, 1944, from July 16, 1946 to August 24, 1946 and from August 27, 1947 to October 16, 1947, a total of 230 days.

10. Plaintiff has received out-patient treatment for her injuries at various times

852

between the date of her first discharge from the hospital and the time of the trial of this case.

11. Plaintiff, by reason of the aforesaid injuries, was disabled from performing gainful work from December 24, 1943, the date of her original entry into the Marine Hospital to the time of the hearing in this case, October 22, 1947. Her need to maintenance and cure continued during said time.

12. Plaintiff recovered a verdict for $5,000 in a civil action for damages because of defendant's negligence under the Jones Act, 46 U.S.C.A. § 688, in this Court at 4397 Civil Action which was affirmed by the Circuit Court on appeal.

13. The parties stipulated that $3.50 per day is a fair and reasonable amount for plaintiff's maintenance.

### Conclusions of Law

1. Plaintiff was injured while in the service of the defendant and on a vessel owned and operated by it and while she was employed thereon as a seawoman and member of the crew.

2. Plaintiff is entitled to maintenance at the rate of $3.50 per day from December 24, 1943 to the date of trial, October 22, 1947, less the time she has been in the Marine Hospital.

### Opinion

This is an action to recover maintenance and cure under the Admiralty and Maritime laws of the United States.

Plaintiff in September, 1943 and prior thereto, was employed by defendant as a seawoman in the capacity of chambermaid on the Steamer James E. Lose owned and operated by defendant in navigation on the Monongahela and Ohio Rivers, navigable waters of the United States and while so employed in September, 1943, in the making of a bed, she fell from a stool or ladder and received injuries to her leg, back and abdomen. Her injuries disabled her from performing gainful work from December 24, 1943 to the date of the hearing in this case, October 22, 1947.

Plaintiff recovered a verdict and judgment in the amount of $5,000 for damages by reason of negligence under the Jones Act, 46 U.S.C.A. § 888. This judgment was affirmed by the Circuit Court of Appeals and has been paid. Defendant moved for judgment in the present action on the pleadings setting forth that the aforesaid judgment was Res Judicata of plaintiff's claim in this action for maintenance and cure. This motion was refused. D.C., 69 F.Supp. 893.

Plaintiff is entitled to recover maintenance and cure from the time of her injuries to the date of trial, less the stipulated time that she was furnished the same. The duty of the defendant to provide maintenance and cure as long as the seawoman's need continues is set forth in the opinion of this Court disposing of the aforesaid motion for judgment. See Calmar Steamship Co. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 and Loverich v. Warner Co., 3 Cir., 118 F.2d 690.

Let an order for judgment be prepared and submitted in accordance with the foregoing Findings of Fact, Conclusions of Law and this Opinion.