KAREN R. BAKER, Associate Justice
In 2014, appellant, Christopher Aaron Schnarr, was tried for first-degree murder in the death of Arista Aldridge. The jury was unable to reach a verdict, and the circuit court granted a mistrial. Schnarr was tried for a second time in 2015, and the jury convicted him of manslaughter and sentenced him to ten years' imprisonment. Schnarr appealed. We recount the facts from our opinion in that appeal, Schnarr v. State , 2017 Ark. 10, 2017 WL 374727 ( Schnarr I ) as follows:
The record reflects that on Saturday, May 11, 2013, Schnarr was driving from North Little Rock when he exited Interstate 30 at Sixth Street and almost collided with a tan SUV that did not yield the right of way. The victim, Arista Aldridge, *310 was the driver of the tan SUV, which was also occupied by Aldridge's girlfriend, Alice Bryant, and their son. As the vehicles drove parallel to one another down the street, Schnarr and Aldridge exchanged profanities and hand gestures through their opened windows. Schnarr turned right onto Sixth Street and into the outside lane. The tan SUV followed in the inside lane of Sixth Street and then pulled in front of Schnarr's vehicle and abruptly stopped. Aldridge, who was not armed, emerged from the SUV and approached Schnarr's vehicle. According to Schnarr, Aldridge was yelling and waving his arms around, and Aldridge also poked Schnarr in the face with his finger. Witnesses to the altercation testified that Aldridge backed away from Schnarr's vehicle. In his testimony, Schnarr stated that Aldridge started to move back toward Schnarr's vehicle and that he pointed his handgun at Aldridge and told Aldridge to leave. Schnarr testified that, when Aldridge did not stop, he fired two shots at Aldridge, who was approximately six feet away from him. He said that Aldridge staggered but regained his balance and advanced toward him again, at which point Schnarr shot at Aldridge a third time. Aldridge fell to the ground and later died. Schnarr had shot Aldridge once in the abdomen and again on the side of Aldridge's right arm. The wound to the abdomen proved to be fatal.
In his testimony, Schnarr, who possessed a concealed-carry permit, also explained that he has a condition called Total Situs Inversus and that he suffers from a faulty heart valve that has required surgical repair. He testified that his heart condition restricted his activities and prohibited him from playing contact sports. Schnarr stated that he did not see Aldridge with a weapon.
Schnarr I , 2017 Ark. 10, at 1-3.
We reversed for a new trial, holding that Schnarr had been deprived of his constitutional right to a public trial. Upon remand, on November 29-30, 2017, Schnarr was tried for a third time. At that trial, Schnarr was charged with manslaughter pursuant to Arkansas Code Annotated § 5-10-104 (Repl. 2013). That section provides that a person commits manslaughter if he "recklessly causes the death of another person[.]" Schnarr was convicted and sentenced to three years' imprisonment. Schnarr has again appealed and presents three issues on appeal: (1) that he should have been permitted to argue that he believed he was acting in self-defense and to have a jury instruction on that point; (2) that he should have been permitted to adduce testimony about the deceased's character for acts of violence; and (3) that the court should also reverse its previous finding that Schnarr was not entitled to a negligent-homicide instruction.
I. Justification Instruction
For his first point on appeal, Schnarr contends that the circuit court should have given his proffered jury instruction: "Justification - Use of Deadly Physical Force in Defense of A Person." Schnarr sought to present a justification defense based on Ark. Code Ann. §§ 5-2-601 et seq., which the circuit court denied. Additionally, Schnarr filed a written motion, the circuit court denied the motion, and Schnarr proffered the requested instruction, which the circuit court denied. The circuit court found that our opinions interpreting Arkansas Code Annotated § 5-2-614 precluded the use of a justification defense when the offense charged required only a reckless mental state.
*311 With regard to our standard of review, we have stated that a party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. Vidos v. State , 367 Ark. 296, 300, 239 S.W.3d 467, 476 (2006). We will not reverse a circuit court's decision to give or reject an instruction unless the court abused its discretion. Clark v. State , 374 Ark. 292, 305, 287 S.W.3d 567, 576 (2008).
Further, we are tasked with interpreting Arkansas Code Annotated section 5-2-614 (Repl. 2013). "We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. While we are not bound by the circuit court's ruling, we will accept that court's interpretation of a statute unless it is shown that the court erred." Ortho-McNeil-Janssen Pharms., Inc. v. State , 2014 Ark. 124, at 10, 432 S.W.3d 563, 571 (internal citations omitted). "We construe criminal statutes strictly, resolving any doubts in favor of the defendant. We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language." Hinton v. State , 2015 Ark. 479, at 7-8, 477 S.W.3d 517, 521 (internal citations omitted). Further, we construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. Brown v. Kelton , 2011 Ark. 93, at 3, 380 S.W.3d 361, 364 (internal citations omitted). Finally, "it is a fundamental canon of construction that when interpreting or construing a statute the court may consider the text as a whole to derive its meaning or purpose. Dolan v. U.S. Postal Serv. , 546 U.S. 481, 486, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006) ; Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 167 (2012)." Wilson v. Walther , 2017 Ark. 270, at 16, 527 S.W.3d 709, 718.
With these standards in mind, we turn to Schnarr's first point on appeal. Schnarr contends that the circuit court erred when it did not allow him to argue that he believed he was acting in self-defense and did not instruct the jury on justification. Schnarr urges us to revisit our interpretation of section 5-2-614. The State responds that the law-of-the-case doctrine bars review of this claim. The State further responds that "a plain language reading of this statute, as a whole, states that when a defendant is charged with manslaughter, an offense involving a reckless mens rea, he is precluded from arguing the defense of justification."
The law-of-the-case doctrine "prohibits a court from reconsidering issues of law or fact that have already been decided on appeal. The doctrine provides that a decision of an appellate court establishes the law of the case for trial upon remand and for the appellate court itself upon subsequent review. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and to avoid reconsideration of matters once decided during the course of a single, continuing lawsuit." United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc. , 2016 Ark. 397, 504 S.W.3d 573.
In Schnarr I , Schnarr was charged with first-degree murder. The jury was instructed on lesser-included offenses of second-degree murder and manslaughter, as well as on justification. Schnarr also argued that he was entitled to an instruction on "imperfect self-defense," based on Arkansas Code Annotated § 5-2-614. We held that such an instruction was not appropriate under the facts of the case. Therefore, *312 we never determined that a justification defense could never be given when a defendant is charged with manslaughter.
The State contends that, even if Schnarr's justification claim is not barred, a justification defense is unavailable for a manslaughter charge based on Arkansas Code Annotated § 5-2-614, which provides:
(a) When a person believes that the use of physical force is necessary for any purpose justifying that use of physical force under this subchapter but the person is reckless or negligent either in forming that belief or in employing an excessive degree of physical force, the justification afforded by this subchapter is unavailable in a prosecution for an offense for which recklessness or negligence suffices to establish a culpable mental state.
(b) When a person is justified under this subchapter in using physical force but he or she recklessly or negligently injures or creates a substantial risk of injury to a third party, the justification afforded by this subchapter is unavailable in a prosecution for the recklessness or negligence toward the third party.
Applying our rules of statutory construction, we must first review the plain language of the statute at issue. We note that section 5-2-614 was originally codified at Arkansas Statutes Annotated section 41-514 (Repl. 1977), and the language is identical to that in section 5-2-614. The commentary to Ark. Stats. Ann. § 41-514 provides that the justification defense is based on Model Penal Code section 3.09(2) and explains the justification defense:
Section 41-514 applies to situations in which the force is recklessly or negligently employed. Under such circumstances the defense of justification cannot be successfully interposed in a prosecution for an offense established by proof of reckless or negligent conduct.
In so providing the Code is aligned with the stance of the Model Penal Code Reporter "[W]e do not believe a person ought to be convicted for a crime of intention where he has labored under a mistake such that, had the facts been as he supposed, he would have been free from guilt. The unreasonableness of an alleged belief may be evidenced [sic] that it was not in fact held, but if the tribunal was satisfied that the belief was held, the defendant in a prosecution for a crime founded on wrongful purpose should be entitled to be judged on the assumption that his belief was true. To convict for a belief arrived at on unreasonable grounds is, as we have urged, to convict for negligence. Where the crime otherwise requires greater culpability for a conviction, it is neither fair nor logical to convict when there is only negligence as to the circumstances that would establish a justification." M.P.C. § 3.09, Comment at 78 (Tent. Draft No. 8, 1958).
Further, we review the explanatory note to section 3.09(2) from which section 5-2-614 was modeled:
EXPLANATORY NOTE
Subsection (2) provides that where the applicability of the justifications under Sections 3.04 to 3.08 turns on the actor's belief, liability for offenses of recklessness or negligence is not barred where the belief is held recklessly or negligently.
Id. § 3.09.
Having reviewed the statute and its history, we turn to this court's interpretation of section § 5-2-614. Both parties, in their briefs and at oral argument, refer to Cobb v. State , 340 Ark. 240, 245-46, 12 S.W.3d 195, 198 (2000), and *313 Harshaw v. State , 344 Ark. 129, 130-36, 39 S.W.3d 753, 754-58 (2001). However, those cases are not on point.
First, in Cobb , Cobb was charged with capital murder and asserted that the circuit court erred when it denied Cobb's request for a manslaughter instruction. We affirmed and explained that where Cobb "admitted to shooting the unarmed victim once in the back causing paralysis and shooting the victim a second time while he was incapable of moving or causing harm to appellant, it is clear that a justification defense is inconsistent with the 'recklessly causing' element found in the offense of manslaughter. Thus, there was no rational basis for giving the manslaughter instruction and the trial court did not err." Cobb , 340 Ark. at 245-46, 12 S.W.3d at 198. In that case, Cobb raised justification as a defense. In Cobb , the facts relied upon for the justification defense were inconsistent with his request for a manslaughter instruction and Cobb is limited to the facts in that case.
Second, a year later, in Harshaw , we held that the circuit court erred in not instructing the jury with Harshaw's requested manslaughter instruction. Harshaw was charged and convicted of second-degree murder; he had requested the lesser-included manslaughter instruction, which was denied. We reversed and remanded the matter:
The State directs us to our prior holding in Cobb ... in support of its proposition that a manslaughter instruction is never warranted where a justification defense has been asserted because, as part of that defense, the defendant admits to at least knowingly shooting the victim. The State reads our decision too broadly. Our holding in Cobb turned upon the specific facts of that case, which are distinguishable from the facts presently before us:
In this case, where appellant admitted to shooting the unarmed victim once in the back causing paralysis and shooting the victim a second time while he was incapable of moving or causing harm to appellant, it is clear that a justification defense is inconsistent with the "recklessly causing" element found in the offense of manslaughter. Thus, there was no rational basis for giving the manslaughter instruction and the trial court did not err.
Cobb v. State , 340 Ark. at 246, 12 S.W.3d at 198. In Cobb , there was no evidence that the victim posed either a real or imagined threat. Thus, there was no reasonable basis in the evidence for a jury to conclude that the defendant in Cobb could have formed a belief, recklessly or otherwise, that his life was in danger. In contrast, there was some evidence in this case suggesting that the victim posed a real or deadly threat to Mr. Harshaw. Witnesses testified Mr. Cunningham made threatening remarks and reached for something in his [sic] car immediately prior to the homicide. Under these circumstances, the jury could have believed that Mr. Harshaw acted recklessly-too hastily and without due care-in concluding that deadly force was necessary to protect himself, and thus it could have found Mr. Harshaw guilty of manslaughter rather than murder in the second degree.
Harshaw , 344 Ark. at 135, 39 S.W.3d at 757.
In both Cobb and Harshaw , we addressed whether the defendants, based on the specific facts of each case, were entitled to a manslaughter instruction. We did not address the issue presented here: whether a justification instruction may be *314 afforded when the charge was manslaughter.[1]
With this history in mind, we turn to our interpretation of the statute at issue. Here, section 5-2-614(a) addresses whether justification as a defense is applicable in specific situations. The plain language provides that when a defendant believes that the use of physical force is necessary for any purpose justifying that use of physical force under subchapter six, first, it must be determined whether the defendant was reckless or negligent either in forming the belief that physical force was necessary or reckless or negligent in employing an excessive degree of physical force. Stated differently, if Schnarr was reckless or negligent in forming the belief that force was necessary, then, and only then, is the defense unavailable. If, however, Schnarr was not reckless or negligent in forming his belief, the defense is available. This is a decision for the jury. See Ark. Code Ann. §§ 5-1-102 and 5-1-111 ; Mo. R.R. Co. , 250 Ark. 1094, 469 S.W.2d 72 ( ("We see no reason, so long as the jury system is the law of the land, and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others." (quoting Jones , 128 U.S. 443, 9 S.Ct. 118 ) ) ).
The State urges this court to read the following clause of section 5-2-614(a) in isolation: "the justification afforded by this subchapter is unavailable in a prosecution for an offense for which recklessness or negligence suffices to establish a culpable mental state." However, to read the clause alone renders subsection (b) superfluous because subsection (a) would have precluded a justification defense for all crimes that require a reckless or negligent mental state, including third parties listed in subsection (b).
Further, the State takes the position that "no justification is required because if a defendant was acting reasonably, he would not be reckless." (Emphasis supplied.) This position is mistaken. The State ignores the word "if" in its argument. "If" requires the jury to make a finding. In other words, the denial of the justification is not triggered until the "if"-here, the culpability-is determined. Thus, the flaw in the State's position is in the timing-the State's position that a reckless charging prohibits a justification instruction is mistaken because such prohibition is premature. Simply put, it is for the jury to determine culpability, not the prosecutor. Finally, we look at the entire Act, which supports our interpretation that the plain language of section § 5-2-614 provides that once the jury determines whether a defendant has been reckless or negligent in forming the belief that force is necessary, then the applicability of the justification defense is determined.
Our holding is also supported by our precedent. Justification is not an affirmative defense that must be pleaded but becomes a defense when any evidence tending to support its existence is offered *315 to support it. Peals v. State , 266 Ark. 410, 584 S.W.2d 1 (1979). By statute, a justification, such as self-defense, is considered an element of the offense, and once raised, it must be disproved by the prosecution beyond a reasonable doubt. Ark. Code Ann. § 5-1-102(5)(C) (Repl. 2013); Anderson v. State , 353 Ark. 384, 403-04, 108 S.W.3d 592, 604-05 (2003).
Because we reverse and remand for a new trial, we do not reach Schnarr's remaining points.
Reversed and remanded.
Kemp, C.J., and Wood and Wynne, JJ., dissent.
After determining that Arkansas Code Annotated section 5-2-614(a) (Repl. 2013) provides for a jury instruction on justification if the evidence supports it, the majority holds that the facts entitle Schnarr to the instruction. I dissent because the facts have not changed since Schnarr v. State , 2017 Ark. 10, 2017 WL 374727 ( Schnarr I ), and the evidence still does not support the justification instruction. I would affirm.
I. No Evidentiary Support
At the close of evidence, the court's ruling after counsel proffered the jury instructions was simply, "Okay." Ultimately, the proffered instructions were not given. Whether this was based on statutory interpretation or failed evidentiary support, the result was correct.
Although I agree that a defendant can receive a justification jury instruction, the facts here do not support it. Our court has faithfully maintained that "[t]he existence of a defense does not need to be submitted to the jury unless evidence is admitted supporting the defense." Ark. Code Ann. § 5-1-111(c)(1) ; see, e.g. , Humphrey v. State , 332 Ark. 398, 409-10, 966 S.W.2d 213, 219 (1998). Arkansas Code Annotated section 5-2-607(a)(2) states that a person is justified in using deadly physical force if the person reasonably believes that the other person is using or about to use unlawful deadly physical force. A reasonable belief is the belief that an ordinary and prudent person would form under the circumstances. Ark. Code Ann. § 5-1-102. Thus, Schnarr is not entitled to a deadly-force justification instruction unless the evidence establishes that a reasonable person would have believed that the victim was about to use unlawful deadly force.
What is apparent from the record is that the evidence did not materially change from Schnarr I . Although counsel argues otherwise, Schnarr was able to present his evidence of self-defense. Schnarr's brief failed to identify any excluded evidence that was relevant to this defense. At oral argument, his counsel could not identify any evidence that was excluded relating to the defense other than that he could not use the specific phrase "self-defense." Schnarr was able to explain his medical condition, that he was afraid, and that the situation prompted his decision to use deadly force. Schnarr presented his full defense on justification. But the facts simply did not support it.
In Schnarr I , this court considered whether there was a rational basis for affording Schnarr an imperfect self-defense instruction. Schnarr I , 2017 Ark. 10, at 18-19. In concluding that there was no rational basis for the instruction, we reasoned that there was "no evidence that Aldridge appeared to be armed or that he had made any threats to indicate that he was armed. Moreover, Schnarr denied that Aldridge had threatened him with bodily harm." Id. These facts have not changed. Here, Schnarr presented the exact same uncompelling facts as he did in Schnarr I , yet he demands an even greater level of *316 justification. Consistent with our reasoning in Schnarr I , I find that Schnarr failed to present any evidence suggesting Mr. Aldridge was about to employ deadly force against him.
Therefore, regardless of the circuit court's reason for denying the instruction, I would affirm for the same reasons expressed in Schnarr I -that the evidence does not support the jury instruction. The majority takes the exact same facts and holds that Schnarr is entitled to receive a higher level of justification instruction than it held he was not entitled to in Schnarr I . I find this inexplicable.
II. Statutory Interpretation
Had the facts and evidence supported it, the majority would be correct that a defendant is generally entitled to assert justification as a defense and receive an instruction. But I would reach my conclusion differently than the majority.
Generally, "in a prosecution for an offense, justification ... is a defense." Ark. Code Ann. § 5-2-602. As a limit on this general proposition, Arkansas Code Annotated section 5-2-614 provides that
[w]hen a person believes that the use of physical force is necessary for any purpose justifying that use of physical force under this subchapter but the person is reckless or negligent either in forming that belief or in employing an excessive degree of physical force, the justification afforded by this subchapter is unavailable in a prosecution for an offense for which recklessness or negligence suffices to establish a culpable mental state.
Ark. Code Ann. § 5-2-614(a).
The argument before the court hinges on the relationship between the two clauses of section 5-2-614(a), both of which must be given meaning. The plain language of the antecedent clause requires finding that "the person is reckless or negligent" before the second clause can take effect. Id. (emphasis added). To interpret it any other way would require a finding that the defendant acted recklessly or negligently before that issue was submitted to the jury. Thus, a defendant is entitled to argue justification until the jury finds him reckless or negligent. Only then is the defendant barred from using justification for acquittal. Under this reading of the statute, the prosecution retains the burden of proof, the defendant retains the presumption of innocence, and the words of the statute are given their plain meaning and full effect.
For these reasons, I dissent.
Kemp, C.J., joins in this dissent.
I disagree with the majority's decision to reverse and remand for a new trial based on the circuit court's denial of Schnarr's request to argue that he acted in self-defense (justification) and instruct the jury on justification. Therefore, I respectfully dissent.
First, the circuit court followed precedent in ruling under Ark. Code Ann. § 5-2-614(a) that a justification defense was unavailable in this prosecution for reckless manslaughter. In Harshaw v. State , 344 Ark. 129, 39 S.W.3d 753 (2001), this court held that the trial court committed reversible error when it refused to give the jury a manslaughter instruction despite evidence from which "the jury could have believed that Mr. Harshaw acted recklessly-too hastily and without due care-in concluding that deadly force was necessary to protect himself." Id. at 135, 39 S.W.3d at 758. In its analysis, this court quoted section 5-2-614(a), and then wrote
[i]n other words, if a person is reckless in forming the belief that the use of force is necessary, he may still be subject *317 to prosecution for an offense that requires a mens rea of recklessness.[1]
[1] The Arkansas Criminal Code is one of only a few modern codes that follow section 3.09(2) of the Model Penal Code in this respect and treat homicide in imperfect self-defense as a problem of "reckless manslaughter, or of negligent homicide, depending upon whether the defendant's belief as to the necessity of the homicide was reckless or negligent." Wayne R. LaFave et al., Substantive Criminal Law § 7.11, at 272 n. 6 (1986) (emphasis added). See also the Original Commentary to Ark. Code Ann. § 5-2-614, formerly Ark. Stat. Ann. § 41-514 (Repl. 1977), which states:
Section 41-514 applies to situations in which force is recklessly or negligently employed. Under such circumstances the defense of justification cannot be successfully interposed in a prosecution for an offense established by proof of reckless or negligent conduct.
In so providing the Code is aligned with the stance of the Model Penal Code Reporter "[W]e do not believe a person ought to be convicted for a crime of intention where he has labored under a mistake such that, had the facts been as he supposed, he would have been free from guilt. The unreasonableness of an alleged belief may be evidenced [sic] that it was not in fact held, but if the tribunal was satisfied that the belief was held, the defendant in a prosecution for a crime founded on wrongful purpose should be entitled to be judged on the assumption that his belief was true. To convict for a belief arrived at on unreasonable grounds is, as we have urged, to convict for negligence. Where the crime otherwise requires greater culpability for a conviction, it is neither fair nor logical to convict when there is only negligence as to the circumstances that would establish a justification." M.P.C. § 3.09, Comment at 78 (Tent. Draft No. 8, 1958).
For example, assume a conductor recklessly misconstrues conduct by a passenger on a carrier as a breach of the peace, applies physical force, and injures the passenger. Section 41-514(1) would protect the conductor by permitting him to interpose a defense based on § 41-505(3) to a prosecution for purposeful conduct under § 41-1602 (Battery in the second degree). However, because the conductor acted recklessly in assessing the need to use force, § 41-514(1) withdraws justification as a defense to a prosecution under § 41-1603(b) (Battery in the third degree), since proof of recklessness suffices for conviction of the latter offense.
Id. at 134 n. 1, 39 S.W.3d at 756 n. 1. Thus, this court strongly suggested that section 5-2-614 withdraws justification as a defense to a prosecution for an offense for which the culpable mental state is recklessness or negligence. Furthermore, the court of appeals has specifically stated that section 5-2-614"provides that justification is not available as a defense to an offense for which recklessness suffices to establish culpability." Merritt v. State , 82 Ark. App. 351, 354-55, 107 S.W.3d 894, 897 (2003) (holding that the appellant was not entitled to justification instructions with regard to first- and second-degree assault, which are committed if the accused acts recklessly, and the trial court did not err in refusing an instruction that would have made justification a defense to those offenses); see also Albretsen v. State , 2015 Ark. App. 33, at 5, 454 S.W.3d 232, 236 (" Arkansas Code Annotated section 5-2-614(a) (Repl. 2013) provides that justification is not available as a defense to an offense for which recklessness *318 or negligence suffices to establish culpability."). "The General Assembly is presumed to be familiar with the appellate courts' interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. Without such amendments, however, the appellate courts' interpretations of the statutes remain the law." Miller v. Enders , 2013 Ark. 23, at 12-13, 425 S.W.3d 723, 730 (citing McCutchen v. City of Fort Smith , 2012 Ark. 452, at 19, 425 S.W.3d 671, 683 ). Today, the majority has changed the law in Arkansas.
Next, I must point out that the majority's interpretation of section 5-2-614 is untenable. Under the majority's reading of the statute, the jury must determine whether appellant was reckless or negligent in forming the belief that deadly force was necessary, and if it determines that he was, the defense of justification is then unavailable. However, this interpretation renders the statute meaningless because the justification and reckless-manslaughter definitions already so provide. Under Ark. Code Ann. § 5-2-607(a), titled "Use of deadly physical force in defense of a person," as relevant in this case, "[a] person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is (1) [c]ommitting or about to commit a felony involving force or violence [or] (2) [u]sing or about to use unlawful deadly physical force." (Emphasis added.) The reckless formulation of manslaughter requires the State to prove that the defendant recklessly caused the death of another person. See Ark. Code Ann. § 5-10-104(a)(3). The Arkansas Criminal Code defines "recklessly" as follows:
A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur. The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]
Ark. Code Ann. § 5-2-202(3). Thus, the only purpose of section 5-2-614 is to provide that justification is not available when the culpable mental state is reckless or negligent.
Here, appellant testified that he was scared and felt that what he did was reasonable under the circumstances. The jury determined that appellant's actions were reckless, which is incompatible with reasonableness. There was no error in the circuit court following precedent and denying appellant's proffered instructions based on section 5-2-614, and I would affirm on this point.
Kemp, C.J., joins.

We note that in relying on our footnote in Harshaw , 344 Ark. at 134, n.1, 39 S.W.3d at 757 n.1, the State contends that "the appellate courts of Arkansas have held that the defense of justification cannot be successfully interposed in a prosecution for an offense established by proof of reckless or negligent conduct." However, the State misinterprets this language because it omits an integral portion of the statute: "established by proof." The jury must first review the evidence and make a determination. Mo. R.R. Co. v. Ballard , 250 Ark. 1094, 1118, 469 S.W.2d 72, 82-83 (1971) ("We see no reason, so long as the jury system is the law of the land, and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others.") (quoting Jones v. East Tennessee, V. & G.R. Co. , 128 U.S. 443, 9 S.Ct. 118, 32 L.Ed. 478 [1888] ).