Cite as 2022 Ark. 19

# SUPREME COURT OF ARKANSAS
No. CV-21-173

| | | |
|---|---|---|
| WENDELL ROGERS | | Opinion Delivered: February 3, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-19-458] |
| V. | | |
| ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED. |

**BARBARA W. WEBB, Justice**

Appellant Wendell Rogers appeals from the circuit court's order that granted his mandamus petition wherein he alleged that the Arkansas Department of Correction (ADC) had miscalculated his parole eligibility in connection with his sentence of 180 months' or fifteen years' imprisonment for the use of a firearm in the commission of a felony offense pursuant to Ark. Code Ann. § 16-90-120 (1987). In 2006, a jury convicted Rogers of aggravated robbery, and he was sentenced to 360 months' or thirty years' imprisonment for the offense with the 180-month or fifteen-year enhancement imposed to run consecutively for an aggregate sentence of 540 months' or forty-five years' imprisonment.

In its order, the circuit court concluded that the offense of aggravated robbery and the enhancement based on the use of a firearm are separate for purposes of determining parole eligibility. The circuit court relied on the amended version of Ark. Code Ann. § 16-

90-120(e) (Supp. 2007) and concluded that defendants sentenced to the fifteen-year firearm enhancement before that section was amended in 2007 were not entitled to parole and were therefore required to serve 100 percent of the enhanced sentence. We reverse the circuit court's order and find that Rogers is entitled to a parole-eligibility calculation for the enhanced sentence pursuant to the statutes in effect when he committed the offense of aggravated robbery.

## I. *Background*

This is the second appeal lodged by Rogers in connection with a petition for a writ of mandamus that challenged his parole status connected to his fifteen-year enhanced sentence. In his original petition, Rogers first raised the claim that the ADC erroneously applied a 2007 amended version of Ark. Code Ann. § 16-90-120(e) (Supp. 2007) to his parole eligibility. The amended version of section 16-90-120(e) requires defendants sentenced to a firearm enhancement in the commission of aggravated robbery to serve 70 percent of the enhanced sentence before being eligible for parole. Rogers alleged that applying the 70 percent requirement enacted in 2007 to a crime committed in 2005 violated the prohibition against an ex post facto application of laws. The State responded to Rogers's first petition and contended that Ark. Code Ann. § 16-93-611(a)(1)(C) (Supp. 2003) authorized the ADC to require Rogers to serve 70 percent of his aggregate sentence of forty-five years' imprisonment.

The circuit court agreed that section 16-93-611 was applicable to Rogers's parole eligibility and denied the original mandamus petition filed by Rogers. Rogers appealed. We

remanded to the circuit court to determine whether Ark. Code Ann. § 16-90-120(e) (Supp. 2007) was applicable to Rogers's fifteen-year sentence because this code section was amended in 2007, and Rogers committed the crime for which he is incarcerated in June 2005. *Rogers v. Kelley*, 2020 Ark. 403, 611 S.W.3d 476. It was also noted that in *Neely v. State*, 2010 Ark. 452, 370 S.W.3d 820, this court held that the sentence enhancement set forth in section 16-90-120 is separate from statutes applicable to a specific criminal offense. *Id.*

On remand, the circuit court found that the enhancement statute and the criminal statute were separate and subject to separate parole-eligibility determinations. The circuit court found that Rogers was not entitled to parole under the version of section 16-90-120 in effect when Rogers committed the crime in 2005. The court further concluded that the ADC had erroneously determined that Rogers was entitled to parole after serving 70 percent of his enhanced sentenced under the amended statute, and instead must serve 100 percent of the enhanced sentence.

## II. *Standard of Review*

The standard of review of a circuit court's grant or denial of a petition for writ of mandamus is whether the circuit court abused its discretion. *Martz v. Felts*, 2019 Ark. 297, 585 S.W.3d 675. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id.*

## III. *Writ of Mandamus*

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Rodgers v. State*, 2020 Ark. 272, 606 S.W.3d 72. A writ of

mandamus is issued by this court to compel an official or a judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Id.* Moreover, a mandamus action is to enforce the performance of a legal right after it has been established––not to establish a right. *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005).

## IV. *Parole Eligibility*

With respect to parole eligibility, "a parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex post facto law, in violation of Art. 2 § 17 of the Arkansas Constitution." *Bosnick v. Lockhart*, 283 Ark. 206, 207–08, 672 S.W.2d 52, 53 (1984) (quoting *Davis v. Mabry*, 266 Ark. 487, 491, 585 S.W.2d 949, 951 (1979)). For this reason, the ADC must determine parole eligibility by the law in effect when the offense was committed. *See* Ark. Code Ann. § 16-93-1301(b)(1) (Supp. 2003). On this basis, the ADC does not have discretion to apply parole statutes ex post facto.

## V. *Firearm Enhancement*

If a deadly weapon used by the felon is a firearm, the sentencing court has the discretion pursuant to section 16-90-120 to impose a period of confinement not to exceed fifteen years, which would be in addition to any fine or penalty authorized as punishment for the felony itself. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). Section 16-90-120 is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense—the two statutes are separate and distinct.

4

*Sesley v. State*, 2011 Ark. 104, 380 S.W.3d 390; *Neely*, 2010 Ark. 452, 370 S.W.3d 820. An enhancement is not a substantive offense. *Martinez v. State*, 2019 Ark. 85, 569 S.W.3d 333.

Section 16-90-120(a)–(d) was enacted in 1969 and was not amended until 2007. The original statute did not include a reference to parole eligibility for the enhanced sentence. However, the 2007 amended statute addressed parole eligibility for the sentence enhancement and stated in pertinent part that "for an offense committed on or after July 2, 2007," any person sentenced under the statute is not eligible for parole or community correction transfer until the person serves 70 percent of the term of imprisonment if the underlying felony includes, among other felony offenses, aggravated robbery. *See* Ark. Code Ann. § 16-90-120(e). The circuit court found that prior to 2007, the legislature did not intend to provide parole eligibility for persons serving an enhanced sentence under section 16-90-120. In reaching its conclusion, the circuit court relied on language set forth in subdivision (e)(1) of the amended statute, which states in pertinent part that for offenses committed after July 2, 2007, any person sentenced under subsection (a) is "not eligible for parole or community correction transfer."

## VI. *Statutory Interpretation*

This appeal requires that we interpret the statutes at issue. We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. *Schnarr v. State*, 2018 Ark. 333, 561 S.W.3d 308. We will accept a circuit court's interpretation of a statute unless it is shown that it erred. *Id.* Criminal statutes are strictly construed, resolving any doubts in favor of the defendant. *Id.* The basic rule of statutory

construction is to give effect to the intent of the legislature. *Id.* The statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe a statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute if possible. *Id.* It is a fundamental canon of construction that we may consider the text as a whole to derive its meaning or purpose. *Id.* Finally, we will reconcile provisions within an act to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Bolin v. State*, 2015 Ark. 149, 459 S.W.3d 788.

Statutory retroactivity is a matter of legislative intent. *Id.* We strictly construe against retroactivity. *Id.* We presume that the legislature intends statutes or amendments to operate prospectively only. *Id.* Only when the legislature expressly provides that an act should be applied retroactively will we do so. *Id.* In the absence of an express provision, an act will apply prospectively only. *Id.* Furthermore, a fundamental principle of statutory construction is that the express designation of one thing may properly be construed to mean the exclusion of another. *Smith v. State*, 2020 Ark. 410.

V. *Claims for Relief*

Rogers argued below and on appeal that the application of the amended version of section 16-90-120(e) is a violation of the prohibition against the ex post facto application of criminal laws. *Bosnick*, 283 Ark. 206, 672 S.W.2d 52. In response to Rogers's petition, the ADC countered that Ark. Code Ann. § 16-93-611(a)(1)(C) (Supp. 2003) was in effect when Rogers committed aggravated robbery in 2005 and was applicable to parole eligibility for

aggravated robbery and its fifteen-year firearm enhancement. Section 16-93-611 requires offenders who commit aggravated robbery, a Class Y felony, to serve 70 percent of their sentences before becoming eligible for parole.

The circuit court, relying on language in section 16-90-120(e)(1), found that the legislature intended to deny parole to offenders sentenced to the fifteen-year firearm enhancement prior to the enactment of the amended statute. The ADC argues on appeal that the circuit court's conclusion should be affirmed or, alternatively, that Rogers should be required to serve 70 percent of the fifteen-year enhanced sentence pursuant to section 16-93-611. The sentence for a primary offense and the enhancement penalty imposed are separate and distinct, and the consecutive sentences imposed must be treated as separate sentences for all purposes. *See Sesley*, 2011 Ark. 104, 380 S.W.3d 390; *see also Nevada Dep't of Prisons v. Bowen*, 745 P.2d 697 (Nev. 1987) (addressing enhancement statutes as separate for all purposes including parole eligibility).

The plain language of the amended section 16-90-120(e)(1) that imposed a 70 percent parole-eligibility requirement states that it is applicable "for an offense committed on or after 2007." Thus, the plain language suggests that the legislature clearly indicated that the amended section of the statute was to be applied prospectively to crimes occurring after a specific date. There is no unequivocal language in the 2007 amendment indicating that it should be applied retroactively. Instead, it specifically states otherwise, and the express designation that it is to be prospective is construed to mean the exclusion of a retroactive application of the amendment. *Smith*, 2020 Ark. 410.

Furthermore, if the legislature had intended for section 16-93-611 to apply to firearm-enhanced sentences, there would have been no need to amend section 16-90-120 in 2007 to include parole-eligibility provisions. Instead, section 16-90-120 was amended by Act 1047, which states that it is an act to "restrict eligibility for parole of persons sentenced to enhanced penalties under certain circumstances." *See* Act 1047 **§** 5 of 2007. This language demonstrates that prior to 2007, persons sentenced to enhanced penalties were eligible for parole as there would be no need to "restrict" parole eligibility for persons sentenced to enhanced penalties.

The conclusion of the circuit court that the legislature intended to deny parole to persons such as Rogers was an inaccurate interpretation of the statute. Instead, Rogers is entitled to a parole-eligibility determination for the separate enhancement of fifteen years' imprisonment consistent with the provisions of Ark. Code Ann. **§§** 16-93-1301 and 16-93-1302 (Supp. 2003). The decision of the circuit court is reversed. On remand, the circuit court is directed to issue the writ of mandamus and order the ADC to compute Rogers's parole eligibility for the enhanced sentence consistent with this opinion.

Reversed and remanded.

WOMACK, J., concurs.

*Wendell Rogers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Att'y Gen., for appellee.